NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-593

BANK OF AMERICA, N.A.[1]

vs.

NEIL DRUKER & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants, a husband and wife, purchased a property in Newton in 2000.  They entered into a revolving loan agreement with Fleet National Bank (then named Fleet Bank) in 2004 (the note), which was secured by a mortgage on the property.  Pursuant to a merger with Fleet National Bank, the plaintiff, Bank of America, N.A. (Bank of America), became the holder of the note and the mortgage.

On January 28, 2022, Eric Ferguson, vice president of First American Mortgage Solutions, LLC, as attorney-in-fact for Bank of America, executed a release of that mortgage, which he duly

---

[1] Successor by merger to Fleet National Bank.

[2] Joanne MacKinnon.

recorded with the registry of deeds. Bank of America subsequently filed this suit seeking to have the discharge declared void because the discharge was the result of "inadvertence and error." Bank of America moved for summary judgment and, in support of that motion, submitted an affidavit from an employee stating that the recording of the mortgage had occurred due to "mistake and/or inadvertence."

The judge allowed the plaintiff's motion for summary judgment, judgment issued, and the defendants appealed. We vacate the judgment.

Our review of a decision to grant a motion for summary judgment is de novo. Adams v. Schneider Elec. USA, 492 Mass. 271, 280 (2023). We must view the facts of the summary judgment record and all reasonable inferences that may be drawn therefrom in the light most favorable to the nonmoving party, in this case, the defendants. See Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., 474 Mass. 382, 395 (2016). Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Id.

In a proceeding alleging a mistaken mortgage discharge, the party seeking to change the status quo, here, Bank of America, bears the burden of proving the discharge was a mistake by "full, clear, and decisive" proof (citation omitted).

2

NationsBanc Mtge. Corp. v. Eisenhauer, 49 Mass. App. Ct. 727, 730 (2000).

The evidence put in to the summary judgment record is slight. The plaintiff placed in the record an affidavit by a vice president of Bank of America, Glenda Oakley, stating that the discharge was recorded "due to mistake and/or inadvertence." It also submitted an affidavit from the plaintiff's counsel, which is not disputed by the defendants for purposes of this appeal, stating that Bank of America retains the original note and that it is not marked "cancelled."

In this context, whether there was a "mistake" in discharging the mortgage is a legal conclusion. In order to demonstrate mistake, the party with the burden must put in admissible evidence that explains what exactly happened so that the judge can assess whether, in fact, those circumstances amount to a mistake. Thus, merely asserting that it was a mistake is to assert a legal conclusion and is insufficient to carry the plaintiff's burden.

In the case of the affidavit of Oakley, this insufficiency in the plaintiff's evidence is particularly obvious. To begin with, though, the affidavit says nothing about the discharge at all. It says only that "[o]n or about February 22, 2022, through mistake and/or inadvertence, a Release of Mortgage ('Release') was recorded with the Registry . . . ." The

3

complaint sought a declaratory judgment that the mortgage had been discharged by mistake – and that is what the plaintiff argues here – not that it was recorded by mistake.  Indeed, the complaint does not allege mistake in the recording of the mortgage at all, but only in "execut[ing the] discharge" of the mortgage, which was recorded on February 22, 2022, with the registry of deeds in book 79630, page 55 (the discharge).

In any event, reading the affidavit as the judge did to refer to the execution of the discharge,[3] it was inadequate to establish Bank of America's entitlement to summary judgment. First, the affiant does not say whether the discharge was executed by mistake or as the result of inadvertence; only that it was one "and/or" the other.  The affidavit not only fails to articulate any facts that might support the plaintiff's claim; it also fails to state with adequate precision the legal conclusion it purports to convey.

Additionally, we are not persuaded that the affidavit was adequate to demonstrate "mistake or inadvertence."  At best, it states only a legal conclusion; standing alone, it is insufficient.  We do not agree that the uncontested additional facts that (1) the underlying debt had not been paid, and (2) Bank of America retained the note, which was not marked

_____

[3] For present purposes, we assume without deciding that that is how it should be read.

4

"cancelled," mean the evidence is sufficient to meet the plaintiff's burden.

Neither of these additional facts, even taken together, demonstrate that the mortgage was discharged by mistake.  A bank may have business reasons other than satisfaction of the debt stated in the note for discharging a mortgage.  The discharge of the mortgage does not relieve the borrower of the burden of repayment; it renders the debt unsecured.  See HSBC Bank USA, N.A. v. Morris, 490 Mass. 322, 334 (2022).  Likewise, the mortgage and note are separate, see id., and that the note is not marked "cancelled" does not demonstrate that the mortgage has not been discharged.

Finally, the judge took judicial notice of a number of other cases before her in which Bank of America claimed that mortgages had been mistakenly discharged.  But a series of claims by Bank of America that it has been mistakenly discharging mortgages is not the same as evidence of what mistake was made in any particular case, including this one.

The summary judgment is vacated, and the case is remanded

5

for further proceedings consistent with this memorandum and order.

So ordered.

By the Court (Rubin, Hand & Smyth, JJ.[4]),

*Paul Little*

Clerk

Entered:  June 27, 2025.

---

[4] The panelists are listed in order of seniority.